> **Sealed**
> Public and unofficial staff access to this instrument are prohibited by court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUL 25 2017
David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs | § | |
| RAFAEL VILLANUEVA | § | CRIMINAL NO. B-17-508 |
| JULIAN MURAIRA-GARCIA | | |
| JOSE H. CARREON | § | |
| JUAN ENRIQUE VELASQUEZ | | |
| DAVID LOPEZ | § | |
| ROBERTO RUIZ | | |

## SEALED INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

From on or about April 1, 2014 through on or about the date of the Indictment, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**RAFAEL VILLANUEVA,
JULIAN MURAIRA-GARCIA,
JOSE H. CARREON,
JUAN ENRIQUE VELASQUEZ,
DAVID LOPEZ, and
ROBERTO RUIZ,**

did knowingly and intentionally agree, combine, conspire, and confederate with others known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The overall scope of the conspiracy involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## COUNT TWO

On or about April 21, 2015 in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**RAFAEL VILLANUEVA,**
**JULIAN MURAIRA-GARCIA,**
**JOSE H. CARREON, and**
**ROBERTO RUIZ,**

did knowingly and intentionally possess with intent to distribute a quantity of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THREE

On or about November 23, 2015 in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**RAFAEL VILLANUEVA, and**
**DAVID LOPEZ,**

did knowingly and intentionally possess with intent to distribute a quantity of five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR

From on or about April 1, 2014 through on or about the date of the Indictment, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, the Defendants,

**RAFAEL VILLANUEVA,**
**JULIAN MURAIRA-GARCIA,**
**JOSE H. CARREON,**
**JUAN ENRIQUE VELASQUEZ, and**
**DAVID LOPEZ,**

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

> to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, the distribution and sale of narcotics and controlled substances, from a place in the United States to or through a place outside the United States, that is Mexico, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

<u>Manner and Means of the Conspiracy:</u>

It was part of the conspiracy that **RAFAEL VILLANUEVA**, assisted by **JULIAN MURAIRA-GARCIA** and **JOSE H. CARREON**, would recruit and instruct individuals,

including **JUAN ENRIQUE VELASQUEZ** and **DAVID LOPEZ**, to bring bulk amounts of United States Currency from various cities throughout the United States to Brownsville, Texas. The money would then be turned over and secreted for transportation into Mexico. The money was controlled substances sales proceeds bound for Matamoros, Mexico.

From on or about April 1, 2014 through the date of the Indictment, **RAFAEL VILLANUEVA**, recruited drivers and hired them to bring bulk amounts of United States currency from cities around the United States to Brownsville, Texas. **VILLANUEVA** also provided money to commercial truck drivers to purchase a tractor and/or trailer to be used in the transportation of the narcotics proceeds. **JULIAN MURAIRA-GARCIA** delivered cash to the truck drivers for the purchase of their tractor and/or trailer to install hidden compartments to secret the currency. The drivers would go at the direction of **VILLANUEVA** to various cities within the United States and pick up the narcotics proceeds in the form of United States Currency. The truck drivers would then secret the money in their tractor and/or trailer and drive the cash to Brownsville, Texas. The money was then delivered to others and coordinated by **RAFAEL VILLANUEVA, JULIAN MURAIRA-GARCIA** and **JOSE H. CARREON** to be crossed into Mexico. When crossing the United States currency into Mexico, the money would be hidden and not declared as required by law when crossing from the United States into Mexico. **JUAN ENRIQUE VELASQUEZ** picked a load in excess of $10,000.00 in United States Currency belonging to **VILLANUEVA** that were narcotics proceeds for transportation into Mexico. The money would not be declared upon exit from the United States into Mexico. **DAVID LOPEZ** transported narcotics proceeds at the request of **VILLANUEVA** from Houston, Texas for delivery to **VILLANUEVA** in Brownsville, Texas. **VILLANUEVA** paid the drivers for

4

transporting the drug proceeds. The drivers into Mexico would also be paid for the transportation of the narcotics proceeds.

In violation of Title 18, United States Code, Section 1956(h).

## COUNT FIVE

On or about September 28, 2015, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**RAFAEL VILLANUEVA, and
JUAN ENRIQUE VELASQUEZ,**

with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal in a vehicle more than ten thousand dollars ($10,000.00) in United States currency, and transport and transfer or attempt to transport and transfer such currency from a place within the United States, that is, Brownsville, Texas, to a place outside the United States, that is, the Republic of Mexico.

In violation of Title 31, United States Code, Section 5332(a)(1) and (b), and Title 18, United States Code, Section 2.

## COUNT SIX

On or about September 28, 2015, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**RAFAEL VILLANUEVA, and
JUAN ENRIQUE VELASQUEZ,**

did transport and attempt to transport monetary instruments, that is approximately $297,230.00 dollars in United States currency from a place in the United States, that is from the state of Texas to a place outside the United States, that is Mexico, knowing that the monetary instruments involved in the transportation represented the proceeds of

some form of unlawful activity and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, to wit: the distribution and sale of narcotics and controlled substances, a violation of Title 18 United States Code Section 841.

In violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

## NOTICE OF CRIMINAL FORFEITURE
[Title 21, United States Code, Section 853]

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the Defendants, **RAFAEL VILLANUEVA, JULIAN MURAIRA-GARCIA, JOSE H. CARREON, JUAN ENRIQUE VELASQUEZ, DAVID LOPEZ,** and **ROBERTO RUIZ,** that upon conviction of the commission of a violation of Title 21, United States Code, Sections 846 or 841, the following are subject to forfeiture:

(1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; and

(2) all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

## NOTICE OF CRIMINAL FORFEITURE
[Title 18, United States Code, Section 982(a)(1)]

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the Defendants, **RAFAEL VILLANUEVA, JULIAN MURAIRA-GARCIA, JOSE H. CARREON, JUAN ENRIQUE VELASQUEZ,** and **DAVID LOPEZ,** that upon conviction of the commission of a violation of Title 18, United States Code, Section 1956, all property, real or personal, involved in the money laundering offense or traceable to such property is subject to forfeiture.

6

## NOTICE OF CRIMINAL FORFEITURE
[Title 31, United States Code, Section 5332(b)(2)]

Pursuant to Title 31, United States Code, Section 5332(b)(2), the United States gives notice to the Defendants, **RAFAEL VILLANUEVA** and **JUAN ENRIQUE VELASQUEZ,** that upon conviction of the commission of a violation of Title 31, United States Code, Section 5332(a)(1), all property, real or personal, involved in the offense or all property traceable to such property, is subject to forfeiture.

### Money Judgment

Defendants are notified that a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendants **RAFAEL VILLANUEVA, JULIAN MURAIRA-GARCIA, JOSE H. CARREON, JUAN ENRIQUE VELASQUEZ, DAVID LOPEZ,** and **ROBERTO RUIZ** are notified that in the event that property subject to forfeiture, as a result of any act or omission of a defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the Defendants up to the value of such property pursuant to Title 21, United States Code, Section 853(p), as incorporated

by Title 18, United States Code, Section 982(b) and Title 31, United States Code, Section 5332(b)(3).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

ABE MARTINEZ
ACTING UNITED STATES ATTORNEY

*Karen Betancourt*
Karen Betancourt
Assistant United States Attorney